# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GUY YOUNG,

     Plaintiff,

v.                                   Case No. 22-CV-161-JCH-LF

M SHIPMAN, FNU BROWN,
GARY MACIEL,

     Defendants.

## ORDER TO FILE ANSWER AND *MARTINEZ* REPORT

This matter is before the Court on Plaintiff's Amended Tort Complaint, filed November 1, 2021, in the First Judicial District Court, State of New Mexico, County of Santa Fe, and removed to this Court by Defendants on March 3, 2022. (Doc. 1-2) (the "Amended Complaint"). Plaintiff is a Native American state inmate. He has traditional religious and spiritual beliefs which require the practice of certain traditional rituals. He alleges that Defendants have interfered with his right to practice his religion by, inter alia, denying him access to the sweat lodge area and refusing to provide, or to allow him to procure sacred tobacco for personal worship. Based on these and other allegations, the Court finds the Amended Complaint is not subject to summary dismissal under 28 U.S.C. § 1915(e) or Fed. R. Civ. P. 12(b)(6).

Defendants have already appeared in the case, through counsel.  The Court will order Defendants to file an answer to the Amended Complaint (Doc. 1-2) by **June 7, 2023**.  To move the case forward, and in lieu of traditional discovery, the Court will also order a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978).  A *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal

bases for [the] claims." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).   The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment.   *Id.* at 1109-13.   Plaintiff will be given an opportunity to present conflicting evidence to controvert the facts set out in the report.   *Id.* at 1109.

The *Martinez* report must address the allegations against Defendants as well as any defenses raised in their answer that they wish to pursue.   The report must:

1) include a written brief that discusses Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents.   *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).   The brief can take the form of a memorandum in support of a summary judgment motion, if Defendants seek summary judgment on the claims.

2) state whether records pertaining to the allegations exist.

3) state whether policies or regulations addressing the allegations exist. and

4) include, as attachments, copies of the relevant records, policies, or regulations. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

Defendants must file the *Martinez* report of record and serve a copy on Plaintiff by **July 25, 2023**.   Plaintiff must file his response or objections to the report by **August 24, 2023**.   If the *Martinez* report is accompanied by a motion for summary judgment, Plaintiff's response must also address that motion.   Defendants may file an optional reply by **September 14, 2023**.

The Court reiterates that the *Martinez* report may be used in deciding whether to make a dispositive ruling on summary judgment.   Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE