IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUY YOUNG,

    Plaintiff,

v.                                                    Case No. 22-CV-161-JCH-LF

M SHIPMAN, FNU BROWN,
GARY MACIEL,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Defendants' Motion for Protective Order (Doc. 23).[1] The Court previously ordered a *Martinez* report in lieu of traditional discovery in this case, a decision which is within its broad discretion. Doc. 8; *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). Defendants have produced this report and filed a motion for summary judgment. Docs. 13, 14. Nonetheless, plaintiff Guy Young served two sets of interrogatories and a set of requests for production on defendants, *see* Doc. 23-1, and subsequently filed several motions seeking to compel discovery. *See* Docs. 28, 36, 37, 38. Because the parties are not conducting discovery in this case, defendants have no obligation to respond to these or any future requests for discovery not expressly authorized by the Court.

---

[1] Defendants also filed a Motion to Quash Subpoena (Doc. 29). The so-called subpoena, a document penned by Mr. Young, was not issued by the Clerk of the Court or by an authorized attorney. *See* FED. R. CIV. P. 45(a)(3). The Court therefore does not understand this document to be a subpoena; rather, it is simply another attempt to obtain discovery that is foreclosed by the Court's earlier order (Doc. 8) and by this protective order.

To the extent that Mr. Young believes that he was unable to "present facts essential to justify [his] opposition" to defendants' Motion for Summary Judgment, Federal Rule of Civil Procedure 56(d) provides his remedy.[2] A motion filed pursuant to that provision must be accompanied by an affidavit or declaration that "explain[s] why facts precluding summary judgment cannot be presented," including identification of "the probable facts not available and what steps have been taken to obtain these facts." *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). Although briefing on defendants' Motion for Summary Judgment was complete on October 12, 2023, *see* Doc. 43, the Court understands that Mr. Young, as a *pro se* plaintiff, is likely unfamiliar with the Federal Rules and will therefore give Mr. Young a second chance to file a 56(d) motion. Any such motion should be accompanied by an affidavit explaining what probable facts precluding summary judgment Mr. Young has not been able to produce and why he has not been able to produce them. Mr. Young should ensure that any facts referenced in such an affidavit are not covered by defendants' *Martinez* report.

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion for Protective Order (Doc. 23) is GRANTED. Defendants need not respond to any requests for discovery by Mr. Young.

2. Mr. Young's motions seeking to compel defendants' response (Docs. 28, 36, 37, 38) are DENIED. Any further motions for discovery will be summarily denied.

3. Defendants' Motion to Quash Subpoena (Doc. 29) is DENIED AS MOOT.

---

[2] FED. R. CIV. P. 56(d) "carries forward without substantial change the provisions of former subdivision (f)." *Id.*, Advisory Committee Notes on 2010 Amendment.

4. Mr. Young shall have 30 days from the entry of this order to file a Rule 56(d) motion accompanied by an appropriate affidavit.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE