IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUY YOUNG,

    Plaintiff,

v.                                                      Case No. 22-CV-161-JCH-LF

M SHIPMAN, FNU BROWN,
GARY MACIEL,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO HOLD IN CONTEMPT**

This matter is before the Court on Plaintiff Guy Young's Motion to Hold in Contempt (Doc. 16), filed July 28, 2023. Defendant Gary Maciel filed a response on August 4, 2023, (Doc. 17), and defendants Mark Shipman and David Brown filed a response on August 9, 2023 (Doc. 19). Mr. Young did not file a reply. I find no grounds to hold defendants in contempt and therefore deny Mr. Young's motion.

On May 9, 2023, I ordered defendants to file answers and *Martinez* reports by June 7 and July 25, 2023, respectively. *See* Doc. 8. All defendants filed their answers June 1, 2023 (Docs. 9, 11) and *Martinez* reports July 25, 2023 (Docs. 13, 15). However, because of the time needed for mail to reach Mr. Young—and because Mr. Maciel neglected to mail a copy of his *Martinez* report until July 31, 2023, *see* Doc. 18 at 1—defendants' reports had not reached Mr. Young by July 26, 2023, the date on which he filed his Motion to Hold in Contempt. *Compare* Doc. 16 at 2 *with* Doc. 19 at 1. Because of this delay, Mr. Young alleges that defendants failed to comply with the Court's order, and he requests that they be held in contempt and sanctioned. *See generally*

Doc. 16. Because defendants did, in fact, comply with the Court's order, I deny Mr. Young's motion.

> **THE PARTIES ARE NOTIFIED** that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

_____
UNITED STATES MAGISTRATE JUDGE