IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUY YOUNG,

    Plaintiff,

v.  No. 22-CV-161-JCH-LF

M SHIPMAN, FNU BROWN,
GARY MACIEL,

    Defendants.

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Proposed Findings and Recommended Disposition ("PFRD") **(ECF No. 53)** on March 27, 2024, regarding Defendants Mark Shipman and David Brown's ("AFA Brown") Motion for Summary Judgment **(ECF No. 14)**, Defendant Gary Maciel's *Martinez* Report **(ECF No. 15)**, and Plaintiff Guy Young's Affidavit **(ECF No. 50)**, which the Magistrate Judge construed as a Rule 56(d) affidavit. The PFRD notified the parties of their ability to file objections within fourteen days and that failure to do so waived appellate review. *See* PFRD 28, ECF No. 53. Defendant Maciel did not file objections. Defendants Shipman and AFA Brown filed their objections to the Magistrate Judge's PFRD on April 10, 2024 **(ECF No. 54)**. Plaintiff filed a motion seeking a 120-day extension to file his objections, which this Court granted **(ECF Nos. 55 & 58)**. Plaintiff timely filed his objections on August 8, 2024 **(ECF No. 59)**.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court conducted a de novo review of the case, including a thorough review of the evidence of record, and has considered all filed objections. The Court overrules all objections as not supported by fact or law. The Court therefore will adopt the PFRD in its entirety.

I. **Defendant AFA Brown's Objections**

   A. **AFA Brown Objects to the PFRD's Proposed Exercise of Subject Matter Jurisdiction Over Plaintiff's Claims Because Plaintiff's Claims Are Moot.**

AFA Brown first argues that this case is moot because the burden on Plaintiff's religious exercise has been lifted. *See* Defs.' Objections 4-5, ECF No. 54. Plaintiff alleges that between early 2020 and late 2023, AFA Brown did not provide Plaintiff with enough tobacco to pray with during sweat lodge ceremonies and during weekly prayers, which imposed an unlawful restriction on his religious exercise. *See* Am. Compl. 1, ECF No. 1-2. However, AFA Brown explained that by December 2023, the number of inmates requesting tobacco for their prayers increased dramatically. *See* Defs.' Resp. to Aff. ¶ 7, ECF No. 51. "The large number of prisoners visiting [AFA Brown's] office every week was causing security concerns due to the intermingling of inmates from different housing units in the hallways. Processing these requests was becoming burdensome and time consuming and was interfering with [AFA Brown's] ability to complete [his] other duties." Second Suppl. Aff. of David Brown ¶¶ 4-5, ECF No. 51-1. In order to satisfy the increasing demand from inmates and to address the security concerns, Shipman and AFA Brown decided that they would send additional tobacco to the sweat lodge ceremonies with the spiritual leaders. *See id.* ¶ 6. The spiritual leaders would then distribute some tobacco for the inmates to use during the sweat lodge ceremony and some tobacco for the inmates to keep in their medicine pouches for weekly prayers. *See* Defs.' Resp. to Aff. ¶ 7, ECF No. 51.

AFA Brown argues that this increase in tobacco relieved the burden on Plaintiff's religious exercise. *See* Defs.' Objections 4-5, ECF No. 54. To be sure, Plaintiff even admitted that "[d]ue to this lawsuit the fellow inmates have finally started to receive tobacco[,]" and that they "finally started getting close to the amount" of tobacco necessary for prayers during the week. *See* Pl.'s Objections 4, ECF No. 59. The Magistrate Judge also noted that the burden on Plaintiff's religious exercise has, for the moment, been lifted. *See* PFRD 15 n.6, ECF No. 53. However, the Magistrate Judge found that this did not make Plaintiff's claims moot. "Voluntary cessation does not moot a case or controversy unless subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) (quotations and alterations omitted). Defendants "bear[] the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1214 (10th Cir. 2015).

The Court agrees with the Magistrate Judge that AFA Brown has not met the heavy burden to show that the challenged conduct could not reasonably be expected to resume. While the fact that AFA Brown has increased the amount of tobacco provided to inmates is certainly a positive development, it appears that this policy was only imposed to manage the increase in requests for tobacco from inmates, not because of Plaintiff's concerns about his ability to pray. The Court is not convinced that this policy would not be revoked if the number of inmates requesting tobacco suddenly decreased and the current mode of distribution of an extra baggie of tobacco at the sweat lodge no longer became necessary to maintain order and security.

AFA Brown argues that *Parents Involved* is distinguishable because in that case the government entity voluntarily suspended its allegedly unconstitutional program during litigation, but vigorously defended it, at no point suggesting that it would not resume the program if the

litigation were resolved in its favor. *See Parents Involved in Cmty. Schs.*, 551 U.S. at 719. AFA Brown argues that his behavior is distinguishable because he ensured Plaintiff's access to the pinch of tobacco as soon as it became clear to him that Plaintiff was not seeking a substantial amount of tobacco for personal use, but just a pinch of tobacco for his medicine pouch. *See* Defs.' Objections 5, ECF No. 54. However, Plaintiff disputes this alleged misunderstanding and asserts that AFA Brown's distribution of tobacco after this point was inconsistent.[1] *See* Aff. of Guy Young 3, ECF No. 50. And per AFA Brown's own affidavit, it appears the burden was lifted not in response to Plaintiff's concerns, but rather as a practical way to manage increased demand. *See* Second Suppl. Aff. of David Brown ¶¶ 3-6, ECF No. 51-1. Accordingly, the Court finds that Plaintiff's claims are not moot.

### B. AFA Brown Objects to the Recommendation that Summary Judgment Be Denied on Plaintiff's Claims Against Him in His Official Capacity for Violation of RLUIPA.

Next, the Court turns to AFA Brown's objection to the Magistrate Judge's finding that summary judgment should be denied on Plaintiff's claim against AFA Brown for violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005). To successfully plead a RLUIPA claim, a plaintiff must show (1) an exercise of a sincerely held religious belief upon which (2) the government has imposed a substantial burden. *Yellowbear v. Lampert*, 741 F.3d 48, 53, 56 (10th Cir. 2014). If both elements are established, the burden of persuasion shifts to the

---

[1] Plaintiff recalled that AFA Brown finally distributed additional tobacco in October 2023. *See* Aff. of Guy Young 3, ECF No. 50. However, Plaintiff noted that, "that issuing of tobacco only lasted 2 months," stopping in early December 2023. *See id.*

4

government, which must show that the burden imposed (1) serves a compelling governmental interest, and (2) is the least restrictive means of furthering that interest. *Id.* at 56, 57

AFA Brown contends that the facts do not support a ruling that he imposed a substantial burden on Plaintiff's religious exercise. *See* Defs.' Objections 6, ECF No. 54. Rather, he argues that Plaintiff had access to tobacco on a weekly basis at the sweat lodge ceremonies. *See id.* at 6-7. AFA Brown maintains that there is no evidence that he ever told Plaintiff that he could not take a pinch of tobacco for his medicine pouch. *See id.* at 7. Further, AFA Brown asserts that he misunderstood Plaintiff's request as a request for more tobacco for the sweat lodge ceremonies themselves, instead of to carry in his medicine pouch for prayers in between sweat lodge ceremonies. *See id.* Finally, AFA Brown contends that he told Plaintiff on multiple occasions that if Plaintiff wanted tobacco to carry in his medicine pouch, he could request it from AFA Brown. *See id.* at 8.

The Court agrees with the Magistrate Judge that there is a genuine dispute as to whether AFA Brown imposed a substantial burden on Plaintiff's religious exercise by failing or refusing to provide Plaintiff with sufficient tobacco to pray on between sweat lodge ceremonies. The Court addresses each of AFA Brown's arguments in turn.

First, despite asserting that AFA Brown misunderstood Plaintiff's request, Defendants admitted that AFA Brown refused to provide Plaintiff with tobacco to smoke throughout the week: "While AFA Brown has declined to provide Plaintiff additional tobacco to smoke throughout the week as the mood strikes, this simply cannot be regarded as a substantial burden on his religious exercise." *See* Mot. Summ. J. 6, ECF No. 14. This indicates that AFA Brown actually understood Plaintiff's request and denied it.

Next, AFA Brown asserts that Plaintiff could have taken some of the tobacco from the sweat lodge ceremony for his medicine pouch to pray on during the week had he only asked. *See* Defs.' Objections 6-7, ECF No. 54. AFA Brown contends that there is no evidence that he ever told Plaintiff that he could not take tobacco for his medicine pouch. *See id.* at 7. AFA Brown argues that he always understood Plaintiff to be asking for more tobacco for the sweat lodge ceremonies, not for his own medicine pouch, and that as soon as he understood Plaintiff's actual request, AFA Brown was accommodating. *See id.* at 8. However, the Court agrees that it is disputed whether AFA Brown ever denied Plaintiff's request, considering Defendants' own admission that "AFA Brown has declined to provide Plaintiff additional tobacco to smoke throughout the week as the mood strikes." *See* Mot. Summ. J. 6, ECF No. 14. Additionally, AFA Brown's sworn statement from his original affidavit that he informed Plaintiff that Plaintiff could request tobacco for his medicine pouch contradicts his statement that he always understood Plaintiff to be asking for more tobacco for the sweat lodge ceremony. *See* Aff. of David Brown ¶ 21, ECF No. 13-1. The Magistrate Judge pointed to several other inconsistent statements that contribute to this confusion, like AFA Brown's sworn statement that "[Plaintiff] never mentioned his medicine pouch until very recently." Suppl. Aff. of David Brown ¶ 5, ECF No. 40-1.

Further, Plaintiff has consistently and emphatically stated that AFA Brown denied his requests for tobacco for his medicine pouch and never informed Plaintiff about the option to take more tobacco for his medicine pouch. Plaintiff stated in his verified amended complaint that he "has met with AFA Brown on numerous [occasions] and Brown refuses to provide an adequate amount of tobacco." Am. Compl. ¶ 52, ECF No. 1-2. Plaintiff cited to an affidavit from the current spiritual leader, Ivan Coles, who agreed that AFA Brown never informed him he could request a pinch of tobacco for his medicine pouch. *See* Pl.'s Suppl. Exs. 14, ECF No. 25. And in his answer

6

to Defendants' *Martinez* Report, Plaintiff stated that AFA Brown "has never emphasis on NEVER told me this[.] [I]f he would ever have said or done this I would not have had to appeal to the courts." Pl.'s Answer to Defs.' *Martinez* Report 22, ECF No. 35. Given the foregoing evidentiary inconsistencies and disagreements, the Court agrees with the Magistrate Judge that there is a genuine issue of material fact as to whether AFA Brown imposed a substantial burden on Plaintiff's religious exercise by failing or refusing to provide him with sufficient tobacco to pray on between sweat lodge ceremonies.

### C. AFA Brown Objects to the Recommendation that Summary Judgment Be Denied on Plaintiff's Claims Against Him for Violation of the New Mexico Constitution.

Finally, AFA Brown objects to the recommendation that summary judgment be denied as to Plaintiff's claim brought pursuant to Article II, Section 11 of the New Mexico Constitution. *See* Defs.' Objections 9, ECF No. 54. AFA Brown argues that Plaintiff abandoned his claim under Article II, Section 11 of the New Mexico Constitution by failing to respond to Defendants' argument that the provision is not self-executing and therefore inapplicable. *See id.* at 9-10. While it is true that Plaintiff only responded very briefly to that argument, saying "[b]oth Shipman and AFW Brown are acting agents of the New Mexico Corrections Department," Plaintiff continued to argue the facts relevant to a claim under Article II, Section 11 throughout his pleadings. Pl.'s Answer to Def.'s *Martinez* Report 9, ECF No. 35. And "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not find that Plaintiff's failure to respond thoroughly to a technical argument rises to the level of abandonment, especially when he evinces no further intent of abandoning the claim. Additionally, the Court agrees with the

7

Magistrate Judge's analysis that Article II, Section 11 is self-executing, and that summary judgment should be denied on this claim.

## II.     Plaintiff's Objection

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties to a non-dispositive order of a magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard requires affirmance of the magistrate judge's factual findings unless the district judge "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Review pursuant to a "contrary to law" standard is plenary; however, "it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge," particularly in the context of discovery disputes that are better suited to an "abuse-of-discretion" standard. 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed. 2020).

Plaintiff objects to the Magistrate Judge's denial of his Rule 56(d) motion. Pl.'s Objections 1-2, ECF No. 59. Plaintiff argues that Defendants did not follow traditional discovery rules, including by not responding to his interrogatories. *See id.* at 2. Further, Plaintiff argues that the Magistrate Judge erred by denying his motions to compel Defendants' response and his motion for sanctions. *See id.* at 1-2.

Plaintiff's objections appear to arise from his misunderstanding of the purposes of a *Martinez* report. Here, the Magistrate Judge ordered a *Martinez* report in lieu of traditional discovery. *See* Order to File Answer and *Martinez* Report 1-2, ECF No. 8. Because the parties were

not conducting discovery in the case, Defendants did not have any obligation to respond to Plaintiff's requests. *See* Order Granting Defs.' Mot. for Protective Order 1, ECF No. 49.

The Magistrate Judge correctly noted that Plaintiff could file a Rule 56(d) motion if he felt that he was unable to present facts essential to his opposition of Defendants' motion for summary judgment and allowed him a second chance to do so. *See id.* at 2. A non-movant requesting additional discovery under Rule 56(d) must specify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Adams v. C3 Pipeline Constr. Inc.* 30 F.4th 943, 968 (10th Cir. 2021) (internal quotation marks and citation omitted). Plaintiff filed his Rule 56(d) affidavit on January 19, 2024. The Magistrate Judge found that the affidavit did not provide the required elements, specifically because it sought to discover a wide array of information about AFA Brown and Shipman including informal complaints filed against them and AFA Brown's "e-mails, texts, metadata [and] any and all correspondence ordered by him," without identifying any probable facts that might result from this discovery. *See* PFRD 27 n.13, ECF No. 53. "Speculation cannot support a Rule 56(d) motion." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013). Further, it is unclear what the relevance is of this sweeping discovery request to Plaintiff's claims about his personal religious practice. Accordingly, the Court finds that the Magistrate Judge's conclusion is not clearly erroneous.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Objections to the Proposed Findings and Recommended Disposition **(ECF No. 54)** are **OVERRULED**;

2. Plaintiff's Objections to the Proposed Findings and Recommended Disposition **(ECF No. 59)** are **OVERRULED**;

9

3.     The Magistrate Judge's Proposed Findings and Recommended Disposition **(ECF No. 53)** is **ADOPTED**. Accordingly, Defendants Shipman and Brown's Motion for Summary Judgment **(ECF No. 14)** is **GRANTED IN PART** and **DENIED IN PART.** Defendant Maciel's construed Motion to Dismiss **(ECF No. 15)** is **GRANTED.** Plaintiff's construed Rule 56(d) motion **(ECF No. 50)** is **DENIED.**

                                                  _____
                                                  SENIOR UNITED STATES DISTRICT JUDGE